UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN B. SASSOWER,

      Plaintiff,      17-cv-8257 (NSR) (JCM)

 -against-

              ORDER ADOPTING REPORT
NANCY A. BERRYHILL, Acting Commissioner AND RECOMMENDATION
of Social Security,
      Defendant.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

  Plaintiff Susan B. Sassower brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner"), which found that Plaintiff was not entitled to wife's insurance benefits prior to December 2012. (ECF No. 1.) Plaintiff moved for judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c) (ECF No. 15) and Defendant filed a cross-motion for judgment on the pleadings. (ECF No. 25.) This case was referred to Magistrate Judge Judith C. McCarthy, and on December 13, 2018, Judge McCarthy issued a Report and Recommendation (the "R & R") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) recommending that both Plaintiff's motion and Defendant's cross-motion be granted in part and that the case be remanded for further proceedings. (ECF No. 28.) For the following reasons, this Court adopts Judge McCarthy's R & R and grants in part and denies in part Plaintiff's and Defendant's motion for judgment on the pleadings.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/2019

# BACKGROUND[1]

Plaintiff's husband, Philip Sassower, applied for retirement benefits on June 28, 2005 and disclosed on his application his marriage to Plaintiff. The Social Security Administration ("SSA") maintains that it issued a closeout notice to Plaintiff on June 28, 2005 which stated that Plaintiff was eligible for wife's insurance benefits and indicated that if she applied within six months of the closeout notice, the SSA would use June 28, 2005 as the filing date for her application. Mr. Sassower was awarded retirement benefits on July 3, 2005.

Plaintiff did not apply for wife's insurance benefits until July 23, 2013, well outside of the six-month window from the closeout notice. The SSA granted Plaintiff's application and issued an award retroactive to December 2012. On August 6, 2013, Plaintiff moved for reconsideration and sought benefits dating back to 2005 because, according to Plaintiff, she did not receive the SSA's 2005 closeout letter. The SSA denied Plaintiff's request for reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ") and the hearing was held on August 31, 2015. The ALJ, examining the evidence, determined that Plaintiff was not entitled to wife's insurance benefits prior to December 2012 due to the presumption of receipt[2] established in the SSA's Program Operations Manual System ("POMS"). On September 15, 2017, the Appeals Council denied Plaintiff's request for review.

Plaintiff filed instant action on October 26, 2017, and, on May 15, 2018, Plaintiff filed a motion for judgment on the pleadings. Defendant filed a cross-motion for judgment on the pleadings on July 30, 2018. On December 13, 2018, Judge McCarthy issued the R & R recommending that this Court grant in part and deny in part Plaintiff's and Defendant's motions

---

[1] Facts are taken from the R & R, unless otherwise noted.

[2] The SSA presumes receipt of notice five days after the date that notice was mailed.

and remand the case to the ALJ for further proceedings. On January 17, 2018, Plaintiff filed her objections to the R & R. Defendants were granted an extension of time, until January 24, 2019, to file an objection but failed to file an extension by that date.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id*.; *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

When a specific objection is made, the district court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04-CV-5061(RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the Report and Recommendation. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## MAGISTRATE'S FINDINGS

### a. ALJ Failed to Apply Applicable Legal Standards to Determine the Sufficiency of the Closeout Notice

Section 404.630 provides that if the SSA receives a written statement indicating a person's intent to claim benefits for himself or another person, the SSA will use the filing date of the written statement if all of the following are true:

(a) The statement indicates an intent to claim benefits.

(b) The statement is signed by the claimant, the claimant's spouse, or a person described in § 404.612. If the claimant, the claimant's spouse, or a person described in § 404.612 telephones us and advises us of his or her intent to file a claim but cannot file an application before the end of the month, we will prepare and sign a written statement if it is necessary to prevent the loss of benefits. If the claimant, the claimant's spouse, or a person described in § 404.612 contacts us through the Internet by completing and transmitting the Personal Identification Information data on the Internet Social Security Benefit Application to us, we will use the date of the transmission as the filing date if it is necessary to prevent the loss of benefits.

(c) The claimant files an application with us on an application form as described in § 404.611, or one is filed for the claimant by a person described in § 404.612, within 6 months after the date of a notice we will send advising of the need to file an application. We will send the notice to the claimant. However, if it is clear from the information we receive that the claimant is a minor or is mentally incompetent, we will send the notice to the person who submitted the written statement.

(d) The claimant is alive when the application is filed; or if the claimant has died after the written statement was filed, an application is filed

20 C.F.R. § 404.630(c). Judge McCarthy noted that the ALJ failed to assess the sufficiency of the closeout letter under § 404.630(c) or SSA proper closeout procedures. Because ALJ's decisions must be guided by the applicable regulations and legal standards and because the ALJ failed to apply the full legal standard to determine whether Plaintiff had affirmative notice, Judge McCarthy recommended a finding that the ALJ committed legal error.

4

Judge McCarthy noted that "[w]hile the Court will not disturb the ALJ's credibility findings or the inferences the ALJ drew from the evidence, the Court cannot discern whether the ALJ properly considered all relevant evidence under 20 C.F.R. § 404.630. Accordingly, she recommended that the case be remanded on this issue.

**b. ALJ Properly Decided that the Misinformation Exception Did Not Apply**

Judge McCarthy determined that the ALJ properly applied the misinformation exception, which allows for an earlier date to be deemed the filing date under certain circumstances and found that it did not apply. To allow for an earlier deemed filing date due to misinformation, a plaintiff must show that the misinformation (1) was provided to the plaintiff by an SSA employee acting in his or her official capacity, (2) is incorrect, misleading, or incomplete, (3) was provided orally or in writing, and (4) was provided to the plaintiff in response to a specific request to SSA for information about eligibility for benefits. 20 C.F.R. § 404.633(c). While Plaintiff argued that the SSA's alleged failure to notify Plaintiff of her eligibility for wife's insurance benefits in 2005 was misinformation, Judge McCarthy agreed with the ALJ that there was no evidence that Defendant ever misled Plaintiff.

The R & R compared this case to *Plakstis-Balsamo v. Comm'r of Soc. Sec.*, in which the court found that the plaintiff's "lack of receipt" of notice of eligibility for benefits and the plaintiff's conversation with an SSA representative about her husband's benefits did not constitute misinformation. No. 13-CV-5419(DLI), 2015 WL 4600724, at * 5 – 6 (E.D.N.Y. July 29, 2015). Judge McCarthy found *Plakstis-Balsamo* to be similar to the case before the Court in that there was no testimony or other evidence that Plaintiff contacted the SSA in 2005 to inquire about her eligibility for wife's insurance benefits. Additionally, there was no evidence that in

5

response to a request the SSA provided Plaintiff with incorrect, misleading, or incomplete information that deterred her from applying for benefits.

**DISCUSSION OF OBJECTIONS**

Plaintiff objects to the R & R because she believes that Judge McCarthy could and should have overruled the ALJ's credibility determinations and inferences from the evidence to grant Plaintiff judgment on the pleadings. Plaintiff also objects to Judge McCarthy's determination that there was no error in the ALJ's decision that the misinformation exception did not apply.

According to Plaintiff, the ALJ ignored the fact that Defendant offered no proof of the delivery of the notice whose receipt is disputed or of Defendant's procedures for tracking and delivering similar notices. The ALJ also failed to consider an inconsistency in the zip codes in the letters to Plaintiff and her husband.[3] This is essentially a reiteration of arguments asserted in Plaintiff's brief in support of her motion for judgment on the pleadings. (*See* Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings p. 6, ECF No. 14.)

First, Plaintiff, not Defendant, has the initial burden of proof regarding receipt of the notice. "Only when a claimant successfully rebuts the presumption with a 'reasonable showing' that he received notice . . . after five days [does] the burden shift[ ] to the Commissioner of Social Security to establish that the claimant received actual notice." *Liranzo v. Astrue*, No. 07-CV-5074(CBA), 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)). Second, while it is possible that the ALJ did not properly consider the alleged discrepancy in the zip codes, this failure is not enough to show that Plaintiff is entitled to judgment on the pleadings. Rule 12(c) of the Federal Rules of Civil

---

[3] According to Plaintiff, the SSA's June 28, 2005 letter to Plaintiff contains only the five-digit zip code while the SSA's letter to Mr. Sassower from approximately the same time contained the full nine-digit zip code. (Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings p. 6.)

Procedure provides that after pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. Rule 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.' " *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). Judgment on the pleadings is only warranted where material facts are undisputed and a judgment on the merits is possible merely by considering the contents of the pleadings. *Clement v. Farmington Cas. Co.*, No. 13-CV-1026(NSR), 2015 WL 6971565, at *3 (S.D.N.Y. Nov. 10, 2015). Judgment on the pleadings is not possible because Parties dispute whether Plaintiff received the letter.[4]

Regardless, Judge McCarthy did not dispute that there was a possibility that the ALJ did not consider all relevant evidence and so recommended that the case be remanded. "[T]he Court cannot discern whether the ALJ properly considered all relevant evidence . . . ." (R & R p. 12, ECF No. 28.) The Court agrees with Judge McCarthy and holds that Plaintiff was not entitled to judgment on the pleadings.

After a *de novo* review, the Court also adopts the R & R affirming the ALJ's decision that the misinformation exception did not apply to Plaintiff's situation. It is Plaintiff's burden to show that she is entitled to an earlier filing date under the misinformation exception, and Plaintiff failed to meet that burden. *See Morton v. Barnhart*, No. 02-CV-4166(WHP)(AJP), 2003 WL 1856530, at *7 (S.D.N.Y. Apr. 22, 2003). Plaintiff's position is that Defendant's alleged failure to provide information to her about her rights to benefits is the equivalent of misinformation. However, this position is not supported by the law. To meet the misinformation standard, the incorrect information must have been provided orally or in writing by an SSA employee and in

---

[4] This dispute goes to the core of the case. (Complaint ¶ 11, ECF No. 1); (Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings p. 3); (Def.'s Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings p. 3, ECF No. 26.)

response to a specific request for information about eligibility. 20 C.F.R. § 404.633(c). Plaintiff does not show or allege that she inquired about her eligibility for benefits and was provided with incomplete or otherwise misleading information.

If there is no request for information about eligibility for benefits, the misinformation exception does not apply. *See Tipadis v. Comm'r of Soc. Sec.*, 284 F. Supp. 3d 517, 524 (S.D.N.Y. 2018) (finding that the SSA's alleged failure to inform the plaintiff of a deadline was not affirmative conduct and not a misrepresentation); *Morton*, 2003 WL 1856530, at *7 (holding that the misinformation exception did not apply because it was undisputed that the plaintiff never asked for information about his son's eligibility for benefits). Moreover, "lack of knowledge about the rules concerning the receipt of benefits is not sufficient to establish an earlier filing date." *Plakstis-Balsamo v. Comm'r of Soc. Sec.*, No. 13-CV-5419(DLI), 2015 WL 4600724, at *6 (E.D.N.Y. July 29, 2015) (quoting *Bennerman v. Comm'r of Soc. Sec.*, No. 11-CV-6384, 2013 WL 6796351, at *4 n.3 (E.D.N.Y. Dec.23, 2013)). Accordingly, the ALJ correctly determined that Plaintiff was not entitled to an earlier filing date under the misrepresentation exception.

## CONCLUSION

For the reasons stated above, this Court adopts Judge McCarthy's R & R in its entirety. Plaintiff's and Defendant's motions for judgment on the pleadings are, therefore, GRANTED in part and DENIED in part. This case is remanded to the Social Security Administration for further proceedings consistent with the R & R and this Opinion and Order. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 25. The Clerk of the Court is also directed to close this case.

Dated: February 26, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge